# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

CLINTON D. SAM                                    CIVIL ACTION

VERSUS                                            NO.  12-2629

RONEI ROBUTSON                                    SECTION "S"(2)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings,

including an evidentiary hearing if necessary, and to submit proposed findings and

recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as

applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the

entire record, I have determined that a federal evidentiary hearing is unnecessary.  See

28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition

for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.    FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Clinton D. Sam, is incarcerated in Concordia Parish Correctional

Facility in Ferriday, Louisiana.[2]  On June 19, 2003, a bill of information was filed in

Jefferson Parish charging Sam with possession of cocaine in violation of LSA-R.S.

40:967.C.[3]  The Louisiana Fifth Circuit Court of Appeal summarized the facts of the case

as follows:

> The State presented the testimony of the two officers who arrested defendant. Jefferson Parish Sheriff's Office (JPSO) Officers Mark Layrisson and Melvin Frances testified that they were patrolling in Marrero on June 4, 2003 when they arrested defendant. They were aware that JPSO had previously responded to complaints of narcotics trafficking in the particular area where they arrested defendant. Both officers identified the particular area as a high crime area.
> Officer Layrisson testified that he observed defendant engage in an apparent hand-to-hand transaction with another man on a public sidewalk. Officer Frances testified he saw the apparent hand-to-hand transaction, explaining that he knew that something was exchanged, but could not see what was exchanged. Both officers stated that defendant was accompanied by his two-year old daughter.  When the officers approached in their marked police car, the other man fled from the scene. The officers testified that defendant attempted to evade them by looking away and walking hastily to his vehicle. Believing that they had witnessed a narcotics transaction, the officers decided to interview defendant, approached on foot, and asked him to place his hands on the hood of the police car.  When asked to comply with a frisk, defendant discarded an object, which landed on the hood of the car. The officers described the discarded object as two white rocks wrapped partially in foil. Based on their training and experience, each officer concluded that the object was consistent with crack cocaine.[4]  The officers testified that at that point, defendant was formally arrested and charged with possession of cocaine.

---

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 3.

[4]The rocks subsequently tested positive for the presence of cocaine. [footnote in original].

   At the conclusion of the officers' testimony, the State rested and the defense did not put on any evidence. The six person jury found the defendant guilty as charged. He received a five year sentence. A multiple bill was filed charging the defendant as a fourth felony offender. The court found the defendant to be a fourth felony offender; the original sentence was vacated and defendant was sentenced to 20 years imprisonment. After filing several Applications for Post–Conviction Relief, defendant was granted an out of time appeal.

State v. Sam, 988 So.2d 765 (La. App. 5th Cir. 06/19/08), 2008-KA-0220.  St. Rec. Vol. 1 of 3.

   On September 21, 2004, the trial court denied Sam's motion to suppress evidence and trial commenced.[5]  On that same date, the jury returned a verdict of guilty as charged.[6]  On October 20, 2004, Sam was sentenced to five (5) years in prison at hard labor.[7]  On December 8, 2004, the trial court found Sam to be a fourth felony offender, vacated his original sentence and resentenced him to 20 years in prison at hard labor without benefit of probation or suspension of sentence.[8]

   Almost 14 months later, on February 6, 2007, Sam signed and submitted an application for post-conviction relief, which was filed in the state trial court on February

---

[5]St. Rec. Vol. 2 of 3, p. 139 and 150.

[6]St. Rec. Vol. 1 of 3.

[7]St. Rec. Vol. 2 of 3, Minute Entry (10/20/2004).

[8]St. Rec. Vol. 2 of 3, pp. 199-205.

14, 2007.[9] On February 27, 2007, the trial court denied Sam's post-conviction application

as untimely pursuant to La. Code Crim. P. art. 930.8.[10]

Upon review, the Louisiana Fifth Circuit vacated the trial court's February 27,

2007 order, stating:

> Relator represents his application for post-conviction relief was untimely
> because his counsel misled him into believing that an appeal had been filed.
> Relator thereby alleges an exception to the time bar under LSA-C.Cr.P. art.
> 930.8A(1).  Accordingly, we vacate the February 27, 2007 Order denying
> his application for post-conviction relief as time barred . . . .  Relator's writ
> application is hereby transferred to the district court for consideration as an
> application for post-conviction relief seeking an out-of-time appeal . . . .[11]

On September 10, 2007, the trial court granted Sam's request for an out-of-time appeal.[12]

On March 24, 2008, appointed counsel filed an appeal on Sam's behalf asserting

a single ground for relief; i.e., the trial court erred in failing to grant his motion to

suppress evidence.[13] On June 19, 2008, the Louisiana Fifth Circuit affirmed Sam's

---

[9]St. Rec. Vol. 2 of 3, Uniform Application for Post-Conviction Relief (dated 2/6/07), at stamped
"pg" nos. 98, 102 and 103. When the various dates on this pleading are read as a whole, it is clear that
Sam's hand-written notation "6/2/07" on the dateline of the application itself at "pg: 102" actually refers
to February 6, not June 2, 2007.

[10]St. Rec. Vol. 2 of 3 at stamped "pg" 114.

[11]Sam v. State of Louisiana, 2007-KH-0434 (La. App. 5th Cir. 7/23/07). St. Rec. Vol. 2 of 3.

[12]St. Rec. Vol. 2 of 3.

[13]Id.

conviction and sentence, but again remanded the matter "for the limited purpose of informing the defendant of the time period for seeking post-conviction relief."[14]

The State argues that Sam's conviction became final 30 days later, on July 19, 2008, or the following business day, Monday, July 21, 2008, because he did not seek rehearing or file for timely review in the Louisiana Supreme Court.[15] Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003)) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)); Wilson v. Cain, 564 F.3d 702 (5th Cir. 2009) (timely filed motion for rehearing must be considered in determining the finality of a conviction); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period when it would otherwise be the last day of the period).

However, on July 23, 2008, Sam signed, dated and submitted a pro se notice of intent to apply for "supervisory and/or remedial writs" in the Louisiana Supreme Court.[16] In his writ application, which was assigned Case No. 2008-KH-1984, Sam "forwarded the brief from [his] appeal" to the state supreme court to review the same issue addressed on the merits by the appellate court in his out-of-time direct appeal; i.e., whether the state

---

[14]State v. Sam, 988 So.2d 765 (La. App. 5th Cir. 6/19/08), 2008-KA-220.  St. Rec. Vol. 1 of 3.

[15]Record Doc. No. 8 at pp. 11-13. Pursuant to La. S. Ct. R. X § 5, Sam had 30 days from the issuance of the state appellate court's opinion to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do.

[16]St. Rec. Vol. 3 of 3.

trial court erred in denying his motion to suppress evidence.  In addition, in his original writ application and "Supplemental Brief in Support of Petitioner's Appeal . . . ," which was signed and dated February 2, 2009,[17] Sam asserted the following claims:  (1) The imposed sentence was excessive. (2) There was no probable cause for his arrest. (3) His conviction was obtained pursuant to an unconstitutional search and seizure.  (4)  There was insufficient evidence to prove he was guilty beyond a reasonable doubt. (5) The trial court erred in considering an unacceptable basis for imposing sentence.  (6) The trial court erred in failing to state reasons for his sentencing under La. Code Crim. P. 894.1. (7) There was insufficient evidence in support of the multiple bill.  In his "Supplemental Brief," Sam made it clear that his initial challenge was to the ruling of the appellate court on his direct appeal.

On May 15, 2009, the Louisiana Supreme Court denied Sam's writ application in a one-word order without opinion.[18]

Rather than filing a petition for writ of certiorari in the United States Supreme Court, Sam filed a timely application for post-conviction relief in the state trial court on June 8, 2009,[19] asserting the following claims: (1) unconstitutional search and seizure; (2) ineffective assistance of counsel for failure to investigate a phone call by Jackie Ford;

---

[17]St. Rec. Vol. 3 of 3.

[18]State ex rel. Sam v. State. 8 So.3d 577 (La. 2009).  St. Rec. Vol. 3 of 3.

[19]St. Rec. Vol. 1 of 3 (signed 06/08/09).

(3) ineffective assistance of counsel for failure to file a motion to quash the multiple bill hearing, refusing to allow him to testify, failing to object to anything during trial, failing to object to the prosecutor's instructions to the jury, failing to obtain transcripts of prior convictions and failing to challenge the multiple bill; (4) prosecutorial misconduct when the prosecutor misled the jury regarding the responsive verdicts, and his counsel was ineffective for failing to object to the misconduct; (5) excessive and abusive sentence, and his counsel was ineffective for failing to object to it; (6) void and moot multiple offender evidence; and (7) police infringement upon his right to be left alone.

On September 14, 2009, the state trial court denied relief, finding that Sam's claims of ineffective assistance of counsel were without merit and that his other claims were procedurally barred.[20] Sam then had 30 days within which to seek review of this decision in the state appellate court, but he failed to do so.  Instead, on November 6, 2009, Sam filed an untimely writ application, Case No. 2009-KH-971, in the Louisiana Fifth Circuit.[21] On December 18, 2009, the Louisiana Fifth Circuit denied relief, specifically finding untimeliness in addition to one other procedural defect:

---

[20]St. Rec. Vol. 1 of 3.

[21]St. Rec. Vol. 2 of 3. Because Sam did not sign his writ application, the November 6, 2009 filing date represents the postmark date of Sam's pleading. In Causey v. Cain, 450 F.3d 601, 603-07 (5th Cir. 2006), the court determined that the "mailbox rule" would be utilized in determining the filing date of state court pleadings for purposes of ascertaining the timeliness of a federal habeas petition. Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed on the date it is delivered to prison officials for mailing, rather than the date it is filed in the court. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).

Relator's application is defective in three respects. First, Relator failed to include documentation of the return date. Uniform Rules, Courts of Appeal, 4-3, provides that "[t]he application for writs shall contain documentation of the return date and any extensions thereof; any application that does not contain this documentation may not be considered by the appellate court."

Second, <u>Relator's application is untimely</u>. The trial court denied post-conviction relief on September 14, 2009. The application for writs was postmarked on November 6, 2009. Thus, <u>Relator filed his application 53 days after the trial court denied post-conviction relief. Uniform Rules, Courts of Appeal, 4-3, provides that "[i]n criminal cases, unless the judge orders the ruling to be reduced to writing, the return date shall not exceed 30 days from the date of the ruling at issue." Relator filed his application well beyond the 30-day limit of Rule 4-3</u>. Moreover, Rule 4-3 provides "[u]pon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period." There is no indication that this Court or the trial court extended the return date of the instant writ.

Third, and most pertinently, Relator has not met his burden of proving that post-conviction relief should be granted. <u>See</u> La. C. Cr. P. art. 930.2. The application does not contain any argument contending that the trial court erred in denying post-conviction relief. The application only contains a copy of the trial court's order denying post-conviction relief.[22]

Sam did not seek further review of the state Fifth Circuit's ruling in the Louisiana Supreme Court.

On January 8, 2010,[23] Sam filed a federal habeas corpus petition in this court asserting the following claims: (1) His conviction was the result of an unlawful arrest

---

[22]<u>Sam v. Twenty-Fourth Judicial District Court State of Louisiana, et al</u>, No. 2009-KH-0971 (La. App. 5th Cir. 12/18/09)(emphasis added). St. Rec. Vol. 1 of 3.

[23]Sam's first federal habeas corpus petition in this court was actually filed by the Clerk of Court on February 4, 2010. However, January 8, 2010 was the date it is deemed filed under the applicable mailbox rule. <u>Sam v. Robutson</u>, C.A. No. 10-303 "S"(2), Record Doc. No. 10 at p. 10, fn. 30.

without probable cause. (2) The prosecution failed to disclose favorable evidence tending to show lack of probable cause for the warrantless search, seizure and arrest. (3) Evidence was obtained through an unconstitutional search and seizure and unlawful arrest.  (4) The prosecutor engaged in misconduct by misleading the jury regarding the responsive verdicts, and trial counsel gave ineffective assistance in failing to object to the prosecutor's remarks.[24]  On August 3, 2010, this court dismissed Sam's petition for failure to exhaust his state court remedies with respect to "his second and fourth claims challenging the prosecutor's failure to disclose favorable evidence, prosecutorial misconduct when explaining the responsive verdicts to the jury and ineffective assistance of counsel for failure to object to the prosecutorial misconduct."[25]

On August 12, 2010, Sam returned to state court and submitted a second post-conviction application, asserting the same claims he had raised in the state trial court in his first post-conviction application, along with the following claim:  The prosecutor failed to disclose favorable evidence which would have shown "a lack of probable cause to proceed with prosecution."[26] On August 31, 2010, the state trial court denied Sam's second post-conviction application as repetitive and successive under La. Code Crim. P.

---

[24]Sam v. Robutson, C. A. No. 10-303, 2010 WL 3070419, *3 (E.D. La. July 14, 2010), report and recommendation adopted, 2010 WL 3084020 (E.D. La. Aug. 03, 2010).

[25]Id. at *5.

[26]St. Rec. Vol. 1 of 3 (second post-conviction application at p. 3).

art. 930.4(D).[27]  On November 10, 2010, the Louisiana Fifth Circuit determined that Sam

had raised a new claim, "that the prosecutor failed to disclose a probable cause affidavit

that was signed by a magistrate indicating that there was a finding of no probable cause,"

and ordered the state trial court "to rule on relator's new claim presented in his second

application for post-conviction relief."[28]

On remand, the state trial court dismissed Sam's claim on December 21, 2010, on

procedural grounds, stating:

> Article 930.4 of the Code of Criminal Procedure provides that a successive
> application may be dismissed if it fails to raise a new claim.  Specifically,
> if the application alleges a claim which the prisoner had knowledge of but
> failed to raise in the proceedings prior to the conviction, the court may deny
> relief.  LSA-C.Cr.P. art. 930.4(B).  Similarly, if the application raises a
> claim raised at trial but not on appeal, relief may be denied.  LSA-C.Cr.P.
> art. 930.4(C).  A successive application may be dismissed if it raises a new
> or different claim. LSA-C.Cr.P. art. 930.4(D). Finally, a successive
> application may be dismissed if it raises a new or different claim that was
> inexcusably omitted from a prior application.  LSA-C.Cr.P. art. 930.4(E).[29]

Again, Sam had 30 days under state law, through January 20, 2011, to challenge

the trial court's ruling in the state appellate court, but he failed to meet the deadline.  On

September 9, 2011, the Louisiana Fifth Circuit denied <u>as untimely</u> Sam's subsequent writ

---

[27]St. Rec. Vol. 1 of 3. Article 930.4(D) provides: "A successive application may be dismissed
if it fails to raise a new or different claim."

[28]<u>State v. Sam</u>, No. 2010-KH-0874 (La. App. 5th Cir. 11/10/10). St. Rec. Vol. 1 of 3.

[29]St. Rec. Vol. 1 of 3 (Order dated 12/21/10).

application challenging the trial court's December 21, 2010 ruling, making the following findings:

> "Relator's writ application was filed in this Court on August 12, 2011, with a postmark date of August 8, 2011. A review of the record in this matter indicates that service of the December 21, 201[0] district court ruling was made on relator on or about January 25, 2011. Relator's writ application is untimely filed more than 30 days from the date of [the] December 21, 2010 ruling at issue, and the January 25, 2011 service date, without a showing that the delay in filing was not relator's fault."[30]

On or about September 27, 2011,[31] Sam filed a writ application, Case No. 2011-KH-2102, in the Louisiana Supreme Court claiming that the Louisiana Fifth Circuit erred in denying his second habeas petition as <u>un</u>timely.[32]  On May 25, 2012, the Louisiana Supreme Court denied Sam's writ application without opinion.[33]  Reconsideration was denied on August 22, 2012.[34]

## II.   FEDERAL HABEAS PETITION

On November 19, 2012, the clerk of this court filed Sam's petition for federal habeas corpus relief in which he asserts four (4) claims:  (1) There was no probable cause for his arrest.  (2) His motion to suppress evidence was wrongfully denied.  (3) His arrest

---

[30]<u>State v. Sam</u>, No. 2011-KH-0805 (La. App. 5th Cir. 9/9/11). St. Rec. Vol. 1 of 3.

[31]Sam did not sign his Louisiana Supreme Court writ application and there is no postmark date. September 27, 2011 represents the file-stamped date.

[32]St. Rec. Vol. 3 of 3.  Sam did not raise any substantive claims in the Louisiana Supreme Court.

[33]<u>State ex rel. Sam v. State</u>, 89 So.3d 1205 (La. 2012). St. Rec. Vol. 1 of 3.

[34]<u>State ex rel. Sam v. State</u>, 95 So.3d 1061 (La. 2012). St. Rec. Vol. 1 of 3.

was the result of an unconstitutional search and seizure.  (4) "[A]ll claims that was [sic] submitted in my first habeas,"[35] which included (1) His conviction was the result of an unlawful arrest without probable cause.  (2) The prosecution failed to disclose favorable evidence tending to show lack of probable cause for the warrantless search, seizure and arrest.  (3) Evidence was obtained through an unconstitutional search and seizure and unlawful arrest. (4) The prosecutor engaged in misconduct by misleading the jury regarding the responsive verdicts, and trial counsel gave ineffective assistance in failing to object to the prosecutor's remarks.

The State filed a response in opposition to Sam's petition, arguing that the petition was not timely filed and that Sam has failed to exhaust his state court remedies.[36]

III.   GENERAL STANDARDS OF REVIEW

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[37] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to

---

[35]Record Doc. No. 3 (Petition at p. 11).

[36]Rec. Doc. No. 8.

[37]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

Sam's petition, which, for reasons discussed below, is deemed filed in this federal court on October 8, 2012.[38]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State argues that Sam's petition is untimely and that some of his claims were not exhausted in the state courts. As in his first federal habeas petition filed in this court, Sam still has not exhausted his state court remedies because he has yet to assert two of the claims made in his first petition, which he again re-asserts in this second petition, to the Louisiana Supreme Court; specifically Claims Nos. 2 and 4 in his first habeas petition challenging (a) the prosecutor's failure to disclose favorable evidence, and (b) prosecutorial misconduct when explaining the responsive verdicts to the jury, coupled

---

[38]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.  Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Sam's petition was filed by the clerk of court on November 19, 2012, once Sam had paid his filing fee. Sam dated the signature on the petition October 8, 2012. This is the earliest date on which he could have delivered the pleading to prison officials for mailing. The fact that he did not submit the filing fee at the time of mailing does not alter the application of the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

with ineffective assistance of counsel for failure to object to the prosecutorial misconduct.[39]  However, it is unnecessary to discuss Sam's repeated failure to exhaust in detail.  Although I do not employ the State's time-bar calculation in its entirety, I find that Sam's petition is nevertheless time-barred, even if he is afforded every benefit of the doubt as to tolling, all as discussed below.

IV.   STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[40]  Duncan v. Walker, 533 U.S. 167, 179-80

---

[39]The State argues that Sam has not exhausted "Claim No. one, that the Magistrate did not have the probable cause affidavit available to him." Rec. Doc. No. 8, p. 16. Given petitioner's pro se status, I find that Claim No. 1 must be construed broadly as a general challenge to probable cause, a claim raised in Sam's writ application to the Louisiana Supreme Court, Case No. 2008-KH-1984.

[40]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

14

(2001).  Affording Sam the benefit of every doubt, for the reasons fully discussed below, I will assume that his conviction became final on August 13, 2009.  Therefore, under a literal application of the statute, Sam had until Friday, August 13, 2010, to file this federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Sam has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions.  See Holland v. Florida, 130 S.Ct. 2549,

15

2574–75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to file a timely federal petition and in failing to communicate with the client during a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599–600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17–day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu–Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

17

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" including timeliness. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea

18

is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).

The United States Supreme Court has squarely held that an intervening, earlier <u>federal</u> habeas petition is <u>not</u> a state court proceeding and provides <u>no</u> tolling of the AEDPA statute of limitations during its pendency. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001) ("We hold that an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.")

The State argues, perhaps correctly, that the one-year AEDPA statute of limitations period began to run in Sam's case on July 22, 2008, the day after his conviction became final because the 30 day period under state law for seeking review in the Louisiana Supreme Court lapsed, after the state appellate court affirmed his conviction and sentence challenged in Sam's direct appeal. However, I cannot determine with certainty that the Louisiana Supreme Court's treatment of Sam's first writ

application to that court indicates either (a) denial of that writ application in that court as untimely, or (b) post-conviction treatment as opposed to direct appellate review.

First, it is true that the earliest date on which Sam might be deemed to have attempted to challenge the appellate court's decision in the state supreme court was July 23, 2008, two days <u>after</u> the permissible 30-day period had lapsed, when he signed and submitted his "Notice of Intent to Apply for Writs" to the Louisiana Supreme Court. However, Sam made this submission against the backdrop of his knowledge that he had just been permitted to pursue a direct appeal out-of-time.

More troubling than the mere two-day delay in Sam's "notice of intent" filing, however, is that the record does not indicate that the Louisiana Supreme Court itself dismissed this writ application as untimely or treated it as anything other than a continuation of Sam's direct appeal.  The State argues that "[b]ecause it was untimely, the Supreme Court did not designate the writ application as a "K" as it normally would, but instead designated the writ application as a "KH" application, meaning the court considered the writ in a post conviction posture."[41]  Putting aside the lack of evidence that might support this assertion by the State concerning the Louisiana Supreme Court's intent, two other factors cast strong doubt on the State's conclusion in this regard. First, the designation of the case as a "K" rather than a "KH" is a mere clerical or

---

[41]Record Doc. No. 8 at pp. 11-12.

administrative matter, not a formal action  of the court itself. Second, and more importantly, the United States Supreme Court has clearly held that when the last state court judgment in a particular series of judgments does not indicate whether it is based on a procedural default, such as untimeliness, or on the merits of a claim, it must be presumed that the court relied upon the same grounds as the last reasoned state court opinion. Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991). In this instance, the last reasoned state court opinion before this particular one-word denial by the Louisiana Supreme Court was the opinion of the state Fifth Circuit affirming Sam's conviction and sentence on the merits. Under these circumstances, it cannot be assumed that the state supreme court's denial of this particular writ application by Sam was on grounds of untimeliness or any other procedural default; instead, it must be presumed to be a decision on the merits.

Under these circumstances and on this less than clear record, I cannot conclude with confidence that Sam's July 2008 writ application to the Louisiana Supreme Court was not a properly filed continuation to the next step of his state direct appeal proceedings that did not result in tolling for AEDPA statute of limitations purposes. Accordingly, providing Sam with the benefit of every doubt, I will assume that the Louisiana  Supreme Court's May 15, 2009 decision was the conclusion of his properly filed state court direct appeal proceedings.

After the Louisiana Supreme Court denied this writ application without reasons on May 15, 2009, Sam had 90 days, or no later than August 13, 2009, to file a petition for a writ of certiorari in the United States Supreme Court. When he failed to do so, his conviction became final for AEDPA statute of limitations purposes on that date. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1). Thus, providing Sam with the benefit of every doubt, I will consider August 14, 2009, the day after his conviction became final under the foregoing scenario, as the date of finality of Sam's conviction for AEDPA statute of limitations purposes.

On that date, the limitations period was tolled and did not begin to run because Sam's first application for post-conviction relief was then pending in the state trial court, having previously been filed on June 8, 2009, after the Louisiana Supreme Court had ruled on his direct appeal and in lieu of a United States Supreme Court petition.

The state trial court denied relief on September 14, 2009. The AEDPA limitations period remained tolled until October 14, 2009, when Sam's 30-day period for filing a timely writ application in the Louisiana Fifth Circuit expired.[42] It was not until three weeks later, on November 6, 2009, that Sam filed an untimely writ application in the

---

[42]Sam had 30 days from the issuance of the trial court's order to timely file for review in the Louisiana Fifth Circuit. La. App. Rule 4-3.

state appellate court. In its December 18, 2009 decision, the Louisiana Fifth Circuit denied Sam's writ application on procedural grounds, <u>specifically</u> stating that "Relator's application is <u>un</u>timely."[43]

Because Sam's writ application in the state court of appeal was <u>un</u>timely, that application did <u>not</u> toll the AEDPA limitations period.  <u>See</u> <u>Pace</u>, 544 U.S. at 414 (when a state court determines that a post-conviction application is <u>un</u>timely, that is <u>the end of the matter</u> for tolling purposes and no tolling occurs (emphasis original) (quotation omitted).  Thus, Sam's one-year AEDPA statute of limitations period commenced to run on October 15, 2009, and did so without interruption for 301 days, until August 12, 2010, when Sam filed his second application for post-conviction relief in the state trial court.

Sam had no properly filed state post-conviction or other collateral review proceedings pending during that time period that might have tolled the AEDPA statute of limitations.  As discussed above, his <u>un</u>timely writ application to the state Fifth Circuit conferred no tolling under the United States Supreme Court decision in <u>Pace</u>. In addition, I note that Sam had filed and pending during that 301-day time period his first petition for federal habeas corpus relief in this court, C.A. No. 10-303 "S" (2).  This initial federal habeas petition was deemed filed on January 8, 2010, and remained pending in this court until it was dismissed without prejudice for failure to exhaust state court remedies on

---

[43]<u>See</u> <u>supra</u> at pp. 7-8 (emphasis added).

August 3, 2010. However, the case law of the United States Supreme Court is clear that no tolling of the AEDPA statute of limitations period occurs by reason of a pending federal habeas corpus proceeding. As noted above, "We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review within the meaning of 28 U.S.C. § 22442(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition." Duncan, 533 U.S. at 181-82.

Thus, on August 12, 2010, when Sam filed his second application for post-conviction relief in the state trial court, he had only 64 days remaining in the AEDPA one-year statute of limitations period. The state trial court initially denied that application on August 31, 2010, but the running of the remaining 64 days of the AEDPA limitations period remained tolled while Sam timely sought review of the trial court's decision in the state Fifth Circuit.  It remained tolled when the state appellate court remanded for the trial court to consider a new claim raised by Sam. After remand, the trial court again denied Sam's application on December 21, 2010, and tolling of the AEDPA limitations period continued for 30 days thereafter, the period during which Sam could have timely filed a writ  application in the state appellate court.

Sam ultimately filed a writ application challenging the state trial court's December 21, 2010 ruling, but not by January 20, 2011, the requisite 30-day deadline. On September 9, 2011, the state appellate court denied relief, specifically finding that Sam's

writ application had been <u>un</u>timely. Thus, as discussed above, under the United States Supreme Court's decision in <u>Pace</u>, Sam received no tolling of the AEDPA limitations period while this untimely state Fifth Circuit writ application was pending. Instead, the limitations period began to run again on January 21, 2011, 30 days after the trial court's decision, and the remaining 64 days lapsed on Monday, March 28, 2011. Sam had no properly filed state post-conviction or other collateral proceeding pending during that time or during the next eight months beyond that date during 2011, for a total of 249 days, when his state Fifth Circuit application was denied in September 2011 as <u>un</u>timely and he then sought review of that decision in the Louisiana Supreme Court.  Sam then permitted another 46 days to lapse between final action by the Louisiana Supreme Court on August 22, 2012 until his second federal habeas petition was deemed filed on October 8, 2012.

For the foregoing reasons, the record establishes that, after the latest conceivable date when his conviction became final, Sam allowed more than one year, a total of 596 days, to lapse without any properly filed and pending state court proceedings and without having filed a timely federal petition for habeas corpus relief. Thus, even under the lenient calculation employed in this report, his federal habeas corpus petition must be dismissed as time-barred.

### RECOMMENDATION

**IT IS RECOMMENDED** that the petition of Clinton D. Sam for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[44]

New Orleans, Louisiana, this ____28th____ day of August, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[44]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.